# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2026

Lyle W. Cayce
Clerk

No. 25-20260
Summary Calendar

_____

QUINLA TATUM,

*Plaintiff—Appellant*,

*versus*

RICK GARDNER, *Humble Independent School District Superintendent of Human Resources*; CHERYL FENNELL, *Principal at Atascocita Springs Elementary*; ELIZABETH FAGAN, *Superintendent of Humble Independent School District*; STEPHANIE MAHAR, *Attorney for Humble Independent School District*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-1294

_____

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Quinla Tatum brought this pro se Title VII action alleging that she was terminated from her position as a first-grade teacher because of her race.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

She named as defendants the school's principal and the school district's superintendent, superintendent of human resources, and attorney. The district court dismissed the complaint, reasoning that Title VII does not allow damages claims against individual defendants.

That conclusion is correct under our precedent. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) ("While Title VII defines the term employer to include 'any agent' of an employer, this circuit does not interpret the statute as imposing individual liability for such a claim." (quoting 42 U.S.C. § 2000e(b)). Indeed, Tatum does not challenge that rule. Instead, she argues that she "is not suing the four [individual] defendants," but rather the school district itself.

Her complaint, however, tells a different story: it lists only the four individual defendants. Thus, because Rule 10(a) requires "[t]he title of the complaint" to "name all the parties," FED. R. CIV. P. 10(a), Tatum's complaint did not allege any claim against the school district. Moreover, Tatum served only the four individual defendants—not the school district— further confirming that she sued those defendants, not the school district.

Because Tatum's complaint asserts claims solely against the four individual defendants, and because Title VII does not permit such claims, dismissal was required under binding circuit precedent. *See Indest*, 164 F.3d at 262. Accordingly, we AFFIRM.